NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2844-15T2

LSF8 MASTER PARTICIPATION
TRUST,

 Plaintiff-Respondent,

v.

MARTHA DEARTEAGA AND
ALPHONSE DEARTEAGA,

 Defendants-Appellants,

and

SIGNATURE BANK,

 Defendant.
________________________________

 Submitted May 4, 2017 – Decided June 23, 2017

 Before Judges Lihotz and Whipple.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Middlesex County, Docket
 No. F-044020-10.

 Martha DeArteaga and Alphonse DeArteaga,
 appellants pro se.

 McCabe, Weisberg & Conway, P.C., attorneys for
 respondent (Stephany L. Gordon and Carol
 Rogers Cobb, of counsel; Ms. Gordon, on the
 brief).
PER CURIAM

 This matter arises from a foreclosure action against

defendants. Defendants Alphonse and Martha DeArteaga defaulted

on their mortgage in 2009, and then-plaintiff Beneficial New

Jersey, Inc. (Beneficial) instituted a foreclosure action against

defendants in 2010. The trial judge granted Beneficial summary

judgment in 2012. In 2014, the court approved substitution of

LSF8 Master Participation Trust (LSF8) as plaintiff. The judge

entered final judgment in January 2016 and later denied the motion

to vacate judgment in March 2016. Defendants now appeal from the

order granting summary judgment, as well as the two 2016 orders,

claiming the judge at the 2012 hearing denied them due process and

the current plaintiff does not have standing. We affirm.

 In December 2004, defendants executed a mortgage with

Beneficial on property in Piscataway for $434,689.82. Beneficial

sent defendants a notice of intent to foreclose (NOI), because

defendants had not paid the mortgage on October 1, 2009.

Beneficial filed a foreclosure complaint on September 9, 2010.

 Beneficial moved for summary judgment on March 29, 2012. At

the April 16, 2012 hearing, defendants opposed the motion arguing

Beneficial did not have standing because the NOI they received

came from HSBC Consumer Lending, not Beneficial. However,

 2 A-2844-15T2
Beneficial's counsel established that due to the merger of

companies the lender was the same. The court required Beneficial

to send a revised NOI to defendants to address the discrepancies

in the sender of the NOI, and then issued an order granting summary

judgment and ordered the parties to participate in mediation.

Defendants moved for reconsideration, which the judge denied on

May 25, 2012.

 On May 9, 2014, the court entered an order denying defendants'

motion to dismiss the complaint and required Beneficial to serve

a revised NOI on defendants by May 23, 2014. LSF8 sent a revised

NOI on July 31, 2014. On August 13, 2014, the mortgage was

assigned from Beneficial to LSF8. The assignment was recorded in

Middlesex County on September 3, 2014.

 During an October 10, 2014 hearing, the court noted the new

NOI had not been sent within thirty days, as required by her May

9 order. The judge indicated the revised NOI did name the

transferee; however, there was no evidence the NOI was accurate

as the assignment was dated after the NOI was sent. The judge

provided:

 If this case were at the very beginning, I
 would really be inclined to dismiss it without
 prejudice and have you start all over. The
 only thing stopping me from doing that is the
 fact that in . . . 2012, . . . [the judge]
 already granted summary judgment . . . .

 3 A-2844-15T2
 The court denied defendants' motion to dismiss the complaint

and allowed LSF8's substitution as plaintiff. The judge required

LSF8 to make the original note and loan documents available to

defendants at their office. In accordance with the judge's order,

defendants were provided an opportunity to view the original note

and allonge, mortgage, and assignment of mortgage.

 LSF8 resent the NOI on October 22, 2014, and sent defendants

notice it would be preparing for final judgment on December 16,

2014. LSF8 submitted the final judgment application to the office

of foreclosure on December 31, 2015, and the application was

granted on January 26, 2016. According to LSF8, the final judgment

package mistakenly omitted the allonge.

 Defendants moved to vacate final judgment on February 3,

2016. On March 4, 2016, the judge denied defendants' motion and

ordered LSF8 "shall submit a complete copy of the note which

includes the allonge with a certification that what is being

submitted is a true copy of the original with a copy to counsel

for def[endant]." LSF8 argues the certification and exhibits were

mailed to the court and defendants on March 16, 2016. Defendants

appealed from the April 16, 2012, January 26, 2016, and March 4,

2016 orders.

 When reviewing a grant of summary judgment, an appellate

court uses the same standard as the trial court. Globe Motor Co.

 4 A-2844-15T2
v. Igdalev, 225 N.J. 469, 479 (2016). We first must decide whether

there was a genuine issue of fact. Walker v. Atl. Chrysler

Plymouth, 216 N.J. Super. 255, 258 (App. Div. 1987). If there is

no genuine issue of fact, we then must decide whether the trial

court's ruling on the law was correct. Ibid. When reviewing the

denial of the motion to vacate the final judgment this court "must

accord 'substantial deference' to a trial court's determination

under . . . [Rule 4:50-1] and its decisions will be left

undisturbed 'unless [they] result[ ] in a clear abuse of

discretion.'" Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J.

Super. 315, 318 (App. Div. 2012) (alteration in original) (quoting

U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)).

 Defendants argue LSF8, as a substituted plaintiff, had not

shown sufficient proof it had standing to sue and the only evidence

presented were statements of counsel, which defendants argue are

insufficient. We disagree.

 A party attempting to foreclose a mortgage "must own or

control the underlying debt." Deutsche Bank Nat'l Tr. Co. v.

Mitchell, 422 N.J. Super. 214, 223 (App. Div. 2011) (quoting Wells

Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div.

2011)). Parties who can enforce such a negotiable instrument,

such as a note, include "the holder of the instrument, a nonholder

in possession of the instrument who has the rights of a holder,

 5 A-2844-15T2
or a person not in possession of the instrument who is entitled

to enforce the instrument pursuant to [N.J.S.A.] 12A:3-309 or

subsection d." N.J.S.A. 12A:3-301.

 Regarding the first category, a person who the instrument is

not payable to may become the holder if there is a negotiation.

Ford, supra, 418 N.J. Super. at 598 (citing N.J.S.A. 12A:3-201(a)).

In order for a negotiation to occur there must be a transfer of

possession and an indorsement by the holder. Mitchell, supra, 422

N.J. Super. at 223. An indorsement requires "a signature, other

than that of a signer as maker, drawer, or acceptor, that alone

or accompanied by other words is made on an instrument for the

purpose of negotiating the instrument." Ibid. (quoting N.J.S.A.

12A:3-204(a)). Without this indorsement, standing may be

insufficient to satisfy this category. Ford, supra, 418 N.J.

Super. at 598.

 To fall within the second category, one must show the transfer

of rights to the note. Id. at 599. Transfer occurs "when it is

delivered by a person other than its issuer for the purpose of

giving to the person receiving delivery the right to enforce the

instrument." N.J.S.A. 12A:3-203(a). This transfer "vests in the

transferee any right of the transferor to enforce the instrument"

whether or not a negotiation also occurs. N.J.S.A. 12A:3-203(b).

 6 A-2844-15T2
 If the transferee is not a holder because the
 transferor did not indorse, the transferee is
 nevertheless a person entitled to enforce the
 instrument under section 3-301 if the
 transferor was a holder at the time of
 transfer. Although the transferee is not a
 holder, under subsection (b) the transferee
 obtained the rights of the transferor as
 holder.

 [UCC Comment 2 to N.J.S.A. 12A:3-203.]

Documents establishing transfer, including an assignment of a

mortgage, must be properly authenticated with certifications based

on personal knowledge, as required by Rule 1:6-6. Ford, supra,

418 N.J. Super. at 599-600.

 Here, as the current holder of the note, LSF8 falls under the

first category. Although LSF8 did not include the note and allonge

in its final judgment package, the court required LSF8 to allow

defendants to view the original note in their offices. The court

also required LSF8 to submit authentication, including a "complete

copy of the note which includes the allonge with a certification

that what is being submitted is a true copy of the original with

a copy to counsel for def[endant]."

 These documents include a copy of the original note, the

allonge with authorized signature from Beneficial, and a

certification by LSF8's counsel regarding the submission of these

documents, dated March 4, 2016. These documents sufficiently

establish standing because they evidence the transfer from

 7 A-2844-15T2
Beneficial to LSF8, as well as an indorsement. LSF8 submitted a

copy of the note and arranged for defendants to view the original

note in their office. Therefore, LSF8 established standing.

 Defendants argue the trial court denied them due process

because the judge "effectively acted as counsel for" Beneficial

during the 2012 summary judgment. We disagree.

 Judges have the authority to ask witnesses questions and even

to summon witnesses on their own at times. Band's Refuse Removal,

Inc. v. Fair Lawn, 62 N.J. Super. 522, 547, 550 (App. Div.),

certif. denied, 33 N.J. 387 (1960). If a judge "participates to

an unreasonable degree in the conduct of the trial, even to the

point of assuming the role of an advocate, what he does may be

just as prejudicial to a defendant's rights as if the case were

tried to a jury." Id. at 549-50 (finding judge who produced and

examined twenty-seven witness and offered exhibits "overstepped

the permissible bounds of judicial inquiry").

 Here, the judge was not an advocate for Beneficial. He asked

the defendants' questions because they were representing

themselves at the first summary judgment hearing. The judge also

asked Beneficial's counsel numerous questions. Our review of the

record does not reveal any impermissible inquiry. Moreover,

defendants' assertion the judge did not read the papers is without

merit. R. 2:11-3(e)(1)(E).

 8 A-2844-15T2
Affirmed.

 9 A-2844-15T2